29

Receipt Number

*567859*

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| Thomas P. Fitzgerald,<br><br>         Plaintiff,<br><br>v.<br><br>H&R Block Financial Advisors, Inc.<br>and H&R Block, Inc.<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 2:08-cv-10784
Judge: Lawson, David M
Referral MJ: Hluchaniuk, Michael J.
Filed: 02-25-2008 At 04:47 PM
CMP FITZGERALD V H&R BLOCK, ET AL ( EW)

## APPLICATION FOR ORDER
## CONFIRMING ARBITRATION AWARD
## AND BRIEF IN SUPPORT

     Plaintiff Thomas P. Fitzgerald ("Fitzgerald") respectfully files this consolidated

Application for Order Confirming Arbitration Award and Brief in Support pursuant to the

Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* This Application is statutorily authorized

by Section 9 of the FAA, 9 U.S.C. § 9, and is made, and heard by the Court in the same manner

as a motion, as provided in Section 6 of the FAA, 9 U.S.C. § 6. The Application seeks an order

confirming the arbitration Award dated February 20, 2008, attached hereto as Exhibit "1."

Defendants to the present Application, who, along with Fitzgerald, were the only parties to the

underlying arbitration, have been served with a copy of the present Application and Brief by

facsimile and first class mail to their counsel of record and by first class mail and hand delivery

to their registered agent for service of process in Michigan.

1506954.01

## JURISDICTION AND VENUE

The Court has subject matter jurisdiction under 28 U.S.C. 1332(a)(1), based upon diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees and costs.  The Court also has subject matter jurisdiction based upon Fitzgerald's underlying federal question claim under the Employment Retirement Security Act of 1974 ("ERISA"), pursuant to 28 U.S.C. 1331.  Venue is exclusively proper in the Eastern District of Michigan pursuant to Section 9 of the FAA, 9 U.S.C. § 9, because the Award was made in this district.

## APPLICATION TO CONFIRM ARBITRATION AWARD

Plaintiff Fitzgerald is an Illinois resident who was formerly employed by Defendant H&R Block Financial Advisors, Inc. ("HRBFA").

Defendant HRBFA is a wholly-owned subsidiary of Respondent H&R Block, Inc., and is a registered securities broker-dealer and a member of the New York Stock Exchange, Inc. and the Financial Services Regulatory Authority, Inc. ("FINRA," formerly the National Association of Securities Dealers, Inc. or NASD).  HRBFA is organized and existing under the laws of the State of Michigan with its principal place of business in Detroit, Michigan.  HRBFA signed and submitted a Uniform Submission Agreement submitting the matters in controversy to arbitration under the authority of FINRA Dispute Resolution, Inc. and agreeing that a court of competent jurisdiction may enter judgment on any award (see Exhibit 2 hereto).

Defendant H&R Block, Inc. (Block) is a diversified, publicly-traded company with subsidiaries that offer tax preparation services, investment services and consulting services. Block is organized and existing under the laws of the State of Missouri with its principal place of

business in Kansas City, Missouri.  Block signed and submitted a Uniform Submission

Agreement submitting the matters in controversy to arbitration under the authority of FINRA

Dispute Resolution, Inc. and agreeing that a court of competent jurisdiction may enter judgment

on any award (see Exhibit 3 hereto).

In May 2005, Fitzgerald submitted employment-related claims to the FINRA-sponsored

securities industry arbitration forum, naming as respondents HRBFA and its parent Block. All of

Fitzgerald's claims, including claims for violations of ERISA arose out of his employment or

termination of his employment with HRBFA.  Fitzgerald also signed and submitted a Uniform

Submission Agreement submitting the claims contained in the Statement of Claim to arbitration

under the authority of FINRA Dispute Resolution, Inc. (see Exhibit 4 hereto).   As set forth

above, HRBFA and Block also submitted the matters in controversy to arbitration with FINRA

Dispute Resolution, Inc. through their executed Uniform Submission Agreements (see Exhibits 2

and 3).

Pursuant to FINRA's procedures, Martin I. Reisig, Esq., Mayra Adela Rodriguez, Esq.,

and Dana R. Dawe were duly appointed as arbitrators (hereinafter "the Panel").  The Panel

conducted a hearing in the arbitration proceeding (Case Number 05-02411) in Southfield,

Michigan between November 5 and November 9, 2007, in which all parties appeared, presented

testimonial and documentary evidence, and presented legal argument through counsel.  On

February 20, 2008, the Panel issued the Award attached hereto as Exhibit 1.  The Award is in

Fitzgerald's favor and in an amount exceeding $75,000 exclusive of interest, attorney' s fees, and

costs.

The Uniform Submission Agreements executed by all parties provides that any court of competent jurisdiction may enter a judgment on an arbitration award. Rule 10330(a) of the FINRA Code of Arbitration Procedure, which governed the arbitration proceedings between the parties states that "awards may be entered as a judgment in any court of competent jurisdiction." As set forth above, this Court has subject matter jurisdiction in this matter based upon diversity of citizenship of the parties and the satisfaction of the amount in controversy requirement under 28 U.S.C. § 1332, and based on the federal question raised by the underlying claims for violations of ERISA under 28 U.S.C. § 1331. The Award has not been vacated, modified, or corrected pursuant to Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10 and 11. Accordingly, all requirements for entry of judgment on the Award have been satisfied, and, pursuant to Section 9 of the FAA, this Court must enter such judgment.

Pursuant to L. R. 7.1(a), an attempt was made to obtain the concurrence request of counsel for HRBFA and Block, but counsel would not concur with the relief sought

NOW, THEREFORE, having shown the existence of adequate grounds therefore, Fitzgerald respectfully petitions the Court for an order confirming the arbitration Award attached hereto as Exhibit 1, and entering judgment on the Award as if it were a judgment of this Court, as required by Section 9 of the FAA.

Respectfully submitted this 25th day of February 2008.

Patrice Arend

JAFFE, RAITT, HEUER & WEISS
Professional Corporation
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Telephone: (248) 351-3000
Facsimile: (248) 351-3082

J. Steven Parker
PAGE PERRY, LLC
1040 Crown Pointe Parkway
Suite 1050
Atlanta, Georgia 30338
(770) 673-0047 Telephone
(770) 673-0120 Facsimile

Attorneys for Plaintiff
THOMAS P. FITZGERALD

**BRIEF OF PLAINTIFF THOMAS P. FITZGERLD
IN SUPPORT OF APPLICATION FOR ORDER
CONFIRMING ARBITRATION AWARD**

### CONCISE STATEMENT OF ISSUE PRESENTED

Should this Court confirm the February 20, 2008 arbitration Award entered in favor of

Fitzgerald and against Defendants where the arbitration award has not been vacated, modified, or

corrected and there is no basis upon which to deny confirmation.

### CONTROLLING AUTHORITY

9 U.S.C. §9

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir.)

### ARGUMENT AND ANALYSIS

Section 9 of the FAA provides that, if the arbitration agreement so provides, any party

may seek judicial confirmation of the award.

> If the parties in their agreement have agreed that a judgment of the
> court shall be entered upon the award made pursuant to the
> arbitration, and shall specify the court, then at any time within one
> year after the award is made any party to the arbitration may apply
> to the court so specified for an order confirming the award, and
> thereupon the court must grant such an order unless the award is
> vacated, modified, or corrected as prescribed in section 10 an 1 of
> this title. If no court is specified in the agreement of the parties,
> then such application may be made to the United States Court in
> and for the district within which such award was made.

9 U.S.C. § 9.

The agreements at issue here clearly provide that this Court may enter an order confirming

the Award. In the present case, the Uniform Submission Agreement signed by H&R Block,

HRBFA and Fitzgerald reflects, in pertinent part:

1506954.01                                          6

The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims, and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

**The undersigned parties . . . agree that a judgment and any interest due thereon may be entered upon such award(s), and for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.**

Exhibits "2", "3", and "4" (emphasis added).

As set forth above, this Court has subject matter jurisdiction in this matter based upon diversity of citizenship of the parties and the satisfaction of the amount in controversy requirement under 28 U.S.C. § 1332 and based on the federal question raised by the underlying claim for violation of ERISA under 28 U.S.C. § 1331. The Award has not been vacated, modified, or corrected pursuant to Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10 and 11.

The Sixth Circuit Court of Appeals has recognized, "[t]he Federal Arbitration Act ("FAA") expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Inc. Co. v Home Ins. Co.*, 429 F.3d 640, 643, *citing Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308,328 (6th Cir. 1998). Numerous other courts have held that confirmation of an arbitration award is intended to be summary in nature and can only be denied if the award has been corrected, vacated or modified under the FAA. *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986); *Drexel Burnham Lambert Incorporated v. Pyles*, 701 F.Supp. 217, 219 (N.D. Ga. 1988); *Rico Maritime Shipping authority v. Star Lines, Ltd.*, 496 F. Supp 14, 15 (S.D.N.Y. 1979). No grounds exist for this Court to do anything but confirm the Award.

As set forth above, the Award was properly made under valid arbitration agreements that provided that a court such as this could enter judgment on the award. It ha not been vacated, modified, or corrected. Accordingly, this Court must enter judgment on the Award, together with interest from the date of entry of such judgment.

Respectfully submitted this 25th day of February 2008.

Patrice Arend
JAFFE, RAITT, HEUER & WEISS
Professional Corporation
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Telephone: (248) 351-3000
Facsimile: (248) 351-3082

J. Steven Parker
PAGE PERRY, LLC
1040 Crown Pointe Parkway
Suite 1050
Atlanta, Georgia 30338
(770) 673-0047 Telephone
(770) 673-0120 Facsimile

Attorneys for Plaintiff
THOMAS P. FITZGERALD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have this day caused a copy of the foregoing

**APPLICATION FOR ORDER CONFIRMING ARBITRATION AWARD AND BRIEF IN**

**SUPPORT** to be served via facsimile and First Class Mail to:

> Robert M. Vercruysse, Esq.
> Vercruysse, Murray & Calzone, P.C.
> Suite 200
> 31780 Telegraph Road
> Bingham Farms, Michigan 48025-3469
> Facsimile Number: (248) 540-8059
> Attorneys for H&R Block Financial Advisors, Inc. and H&R Block, Inc.

And via First Class Mail and Hand Delivery to:

> THE CORPORATION COMPANY
> 30600 Telegraph Road
> Bingham Farms, MI 48025
> Registered Agent for H&R Block Financial Advisors, Inc., and
> H&R Block, Inc.

This 25th day of February 2008.

Patrice S. Arend



**AWARD**
**FINRA Dispute Resolution**

In the Matter of the Arbitration Between:

Name of Claimant

Thomas P. Fitzgerald

vs.

Case Number: 05-02411
Hearing Site: Southfield, Michigan

Names of Respondents

H&R Block Financial Advisors, Inc.,
H&R Block, Inc., HRB Management, Inc., and
H&R Block Severance Plan

## NATURE OF THE DISPUTE

Associated Person vs. Member and Non-Members

## REPRESENTATION OF PARTIES

Thomas P. Fitzgerald ("Claimant") was represented by J. Boyd Page, Esq., J. Steven Parker, Esq., and James A. Nofi, Esq., Law Offices of Page Perry, LLC, Atlanta, Georgia.

H&R Block Financial Advisors, Inc. ("HRBFA") and H&R Block, Inc. ("HRBI") hereinafter collectively referred to as "Respondents," were represented by Robert M. Vercruysse, Esq. and Bernice McReynolds, Esq., Vercruysse Murray & Calzone, PC, Bingham Farms, Michigan.

HRB Management, Inc. and H&R Block Severance Plan were represented by Robert M. Vercruysse, Esq., Vercruysse Murray & Calzone, PC, Bingham Farms, Michigan.

## CASE INFORMATION

The Statement of Claim was filed on or about May 31, 2005. The First Amended and Restated Statement of Claim was filed on or about September 26, 2005. The Second Amended and Restated Statement of Claim was filed on or about June 11, 2007. The Submission Agreement of Claimant was signed on or about April 15, 2005.

The Statement of Answer was filed jointly by Respondents on or about July 21, 2005. The Statement of Answer to Second Amended and Restated Statement of Claim was filed on or about June 25, 2007. The Submission Agreement of HRBFA was signed on or about July 26, 2005, by David Andrew. The Submission Agreement of HRBI was signed on or about June 10, 2005.

Respondents moved to strike Claimant's First Amended Statement of Claim by letter dated October 10, 2005.

Claimant filed a Motion for Leave to File Second Amended and Restated Claim on or about July 16, 2006. Respondents filed a Response in Opposition to Claimant's Motion to Amend and Renewed Motion to Strike First Amended Statement of Claim on or about July 28, 2006. Claimant filed a Reply in Further Support of Motion for Leave to Amend and a Response in Opposition to Respondents' Motion to Strike on or about August 11, 2006. Respondents filed a Sur-Reply in Opposition to Claimant's Motion to Amend and Renewed Motion to Strike First Amended Statement of Claim on or about August 22, 2006.

Claimant filed a Renewed Motion for Leave to File Second Amended Statement of Claim on or about March 16, 2007. Claimant filed a Motion for Sanctions on or about March 16, 2007. Respondents filed a Response in Opposition to Claimant's Motion for Sanctions and Renewed Motion for Leave to File Second Amended Statement of Claim on or about March 22, 2007. Respondent filed a Response to Claimant's Motion for Sanctions on or about April 3, 2007. Claimant filed a Reply in Support of Motion for Sanctions on or about April 6, 2007. Claimant filed a Reply in Support of his Motion for Leave to File Second Amended Statement of Claim on or about April 6, 2007.

Respondents filed a Motion for Summary Judgment on or about September 14, 2006. Claimant filed an Opposition to the Motion on or about November 2, 2006. Respondents filed a Reply Brief in Support of Motion for Summary Judgment on or about November 16, 2006. Claimant filed a Supplemental Reply in Opposition to Respondents' Motion for Summary Judgment on or about April 16, 2007.

## CASE SUMMARY

Claimant asserted the following causes of action:  breach of retention agreement, illegal retaliation, violations of ERISA, civil extortion, and fraud. The causes of action related to Claimant's allegations that Respondents refused to pay him certain components of his contractual compensation, including unpaid bonus, the value of employee stock options, and withheld severance benefits. Claimant asserted that Respondent sought to condition Claimant's participation in the H&R Block Severance Plan ("Plan") upon his signing a severance agreement that contained certain provisions that were not permitted by the Plan.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted defenses including the following:  Claimant failed to satisfy the eligibility and exhaustion requirements under the severance plan, Michigan law does not recognize a cause of action for the alleged breach of an implied covenant of good faith and fair dealing, and Claimant has failed to state a claim for fraud.

## RELIEF REQUESTED

Claimant requested an award in the amount of:

FINRA Dispute Resolution
Arbitration No. 05-02411
Award    Page 3 of 6

| | |
|---|---|
| Actual/Compensatory Damages | $3,258,846.30 |
| Interest | Unspecified |
| Attorneys' Fees | Unspecified |
| Other Costs | Unspecified |
| Other Monetary Relief | Unspecified |

Respondents requested that the claims asserted against them be denied in their entirety and that they be awarded their costs and attorneys' fees.

## OTHER ISSUES CONSIDERED & DECIDED

Respondents HRB Management, Inc. and H&R Block Severance Plan are not FINRA member firms nor was a contract or court order to arbitrate disputes with these Respondents presented. HRB Management, Inc. and H&R Block Severance Plan declined to voluntarily submit to FINRA arbitration. Therefore, HRB Management, Inc. and H&R Block Severance Plan are not compelled by the rules to arbitrate disputes in this forum. In the absence of the voluntary submission to arbitration by HRB Management, Inc. and H&R Block Severance Plan, FINRA does not have jurisdiction over these parties.

Respondents objected to ERISA claims being before FINRA.

During the Initial Pre-hearing Conference on November 16, 2005, the Panel held Respondent's request that Claimant's First Amended Statement of Claim be stricken in abeyance pending the federal district court's decision on Claimant's Petition to Compel Arbitration.

In its Order entered on or about August 30, 2006, the Panel denied Claimant's Motion for Leave to File Second Amended Statement of Claim (and thereby granted Respondents' Motion to Strike.)

In its Order entered on or about May 11, 2007, the Panel granted Claimant's Renewed Motion for Leave to File Second Amended Statement of Claim, granted Claimant's Motion to Vacate Panel's Order of August 30, 2006, denied Respondents' Motion for Summary Judgment, and held Claimant's Motion for Sanctions in abeyance.

During the course of the hearings, Claimant requested an adjournment. The Panel denied the request.

The parties filed various post-hearing submissions which were considered by the Panel.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

FINRA Dispute Resolution
Arbitration No. 05-02411
Award     Page 4 of 6

## AWARD

After considering the pleadings, the testimony, the evidence presented at the hearing and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.)   Respondents H&R Block Financial Advisors, Inc. and H&R Block, Inc. are jointly and severally liable for and shall pay to Claimant, Thomas P. Fitzgerald, the sum of $3,014,370.50 in compensatory damages;

2.)   Respondents H&R Block Financial Advisors, Inc. and H&R Block, Inc. are jointly and severally liable for and shall pay to Claimant, Thomas P. Fitzgerald, interest in the amount of $466,565.62;

3.)   Respondents H&R Block Financial Advisors, Inc. and H&R Block, Inc. are jointly and severally liable for and shall pay to Claimant, Thomas P. Fitzgerald, post-award interest on the sum stated in Paragraph Number One above at the Michigan statutory rate from and including the date of service of this Award through and including the date this Award is paid in full;

4.)   Respondent, H&R Block Financial Advisors, Inc. and H&R Block, Inc., are jointly and severally liable for and shall pay to Claimant, Thomas P. Fitzgerald, the sum of $481,910.79 in attorneys' fees pursuant to Michigan statute;

5.)   Other than Forum Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter; and

6.)   Any relief not specifically enumerated, including sanctions, is hereby denied with prejudice.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees

FINRA Dispute Resolution will retain the non-refundable filing fee for each claim:

Initial Claim filing fee                                          = $  600.00

FINRA Dispute Resolution
Arbitration No. 05-02411
Award    Page 5 of 6

## Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. In this matter, the member firm is H&R Block Financial Advisors, Inc.

| | |
|---|---|
| Member surcharge | = $ 2,600.00 |
| Pre-hearing process fee | = $   750.00 |
| Hearing process fee | = $ 5,000.00 |

## Adjournment Fees

Adjournments granted during these proceedings:

| | |
|---|---|
| October 3-6, 2006, adjournment requested by Claimant | Waived |

## Forum Fees and Assessments

The Panel has assessed forum fees for each hearing session conducted or each decision rendered on a discovery-related motion on the papers or a contested motion for the issuance of a subpoena. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Four (4) Pre-hearing sessions with a single arbitrator x $450.00 | | | = $ 1,800.00 |
| Pre-hearing conferences: | November 9, 2006 | 1 session | |
| | February 21, 2007 | 1 session | |
| | March 26, 2007 | 1 session | |
| | October 23, 2007 | 1 session | |
| Three (3) Pre-hearing sessions with Panel x $1,200.00 | | | = $ 3,600.00 |
| Pre-hearing conferences: | November 16, 2005 | 1 session | |
| | December 15, 2005 | 1 session | |
| | May 11, 2007 | 1 session | |
| Eight (8) Hearing sessions x $1,200.00 | | | = $ 9,600.00 |
| Hearing Dates: | November 5, 2007 | 2 sessions | |
| | November 6, 2007 | 2 sessions | |
| | November 7, 2007 | 2 sessions | |
| | November 8, 2007 | 2 sessions | |
| Total Forum Fees | | | = $15,000.00 |

The Panel has assessed $7,500.00 of the forum fees to Thomas P. Fitzgerald.

The Panel has assessed $7,500.00 of the forum fees jointly and severally to H&R Block Financial Advisors, Inc. and H&R Block, Inc.

FINRA Dispute Resolution
Arbitration No. 05-02411
Award    Page 6 of 6

## FEE SUMMARY

Claimant, Thomas P. Fitzgerald, is liable for:

| | | |
|---|---|---:|
| Initial Filing Fee | = $ | 600.00 |
| Forum Fees | = $ | 7,500.00 |
| Total Fees | = $ | 8,100.00 |
| Less payments | = $ | 1,800.00 |
| Balance Due FINRA Dispute Resolution | = $ | 6,300.00 |

Respondent H&R Block Financial Advisors, Inc. is liable for:

| | | |
|---|---|---:|
| Member Fees | = $ | 8,550.00 |
| Total Fees | = $ | 8,550.00 |
| Less payments | = $ | 8,550.00 |
| Balance Due FINRA Dispute Resolution | = $ | 0.00 |

Respondents, H&R Block Financial Advisors, Inc. and H&R Block, Inc., are jointly and severally liable for:

| | | |
|---|---|---:|
| Forum Fees | = $ | 7,500.00 |
| Total Fees | = $ | 7,500.00 |
| Less payments | = $ | 0.00 |
| Balance Due FINRA Dispute Resolution | = $ | 7,500.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Martin I. Reisig, JD - Public Arbitrator, Presiding Chair
Mayra Adela Rodriguez - Public Arbitrator
Dana R. Dawe - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

/s/ Martin I. Reisig, JD                  02/20/08
Martin I. Reisig, JD                      Signature Date
Public Arbitrator, Presiding Chair

/s/ Mayra Adela Rodriguez                 02/20/08
Mayra Adela Rodriguez                     Signature Date
Public Arbitrator

/s/ Dana R. Dawe                          02/20/08
Dana R. Dawe                              Signature Date
Non-Public Arbitrator

02/20/08
Date of Service  (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 06-02411
Award    Page 5 of 6

## FEE SUMMARY

Claimant, Thomas P. Fitzgerald, is liable for:

| | | |
|---|---|---|
| Initial Filing Fee | = $ | 600.00 |
| Forum Fees | = $ | 7,500.00 |
| Total Fees | = $ | 8,100.00 |
| Less payments | = $ | 1,800.00 |
| Balance Due FINRA Dispute Resolution | = $ | 6,300.00 |

Respondent H&R Block Financial Advisors, Inc. is liable for:

| | | |
|---|---|---|
| Member Fees | = $ | 8,550.00 |
| Total Fees | = $ | 8,550.00 |
| Less payments | = $ | 8,550.00 |
| Balance Due FINRA Dispute Resolution | = $ | 0.00 |

Respondents, H&R Block Financial Advisors, Inc. and H&R Block, Inc., are jointly and severally liable for:

| | | |
|---|---|---|
| Forum Fees | = $ | 7,500.00 |
| Total Fees | = $ | 7,500.00 |
| Less payments | = $ | 0.00 |
| Balance Due FINRA Dispute Resolution | = $ | 7,500.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Martin I. Reisig, JD - Public Arbitrator, Presiding Chair
Mayra Adela Rodriguez - Public Arbitrator
Dana R. Dawe - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____        2/20/08
Martin I. Reisig, JD                    _____
Public Arbitrator, Presiding Chair      Signature Date


_____        _____
Mayra Adela Rodriguez                   Signature Date
Public Arbitrator


_____        _____
Dana R. Dawe                            Signature Date
Non-Public Arbitrator


_____
Date of Service  (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 06-02411
Award    Page 8 of 8

## FEE SUMMARY

Claimant, Thomas P. Fitzgerald, is liable for:

| | | |
|---|---|---|
| Initial Filing Fee | = $ | 600.00 |
| Forum Fees | = $ | 7,500.00 |
| Total Fees | = $ | 8,100.00 |
| Less payments | = $ | 1,800.00 |
| Balance Due FINRA Dispute Resolution | = $ | 6,300.00 |

Respondent H&R Block Financial Advisors, Inc. is liable for:

| | | |
|---|---|---|
| Member Fees | = $ | 8,550.00 |
| Total Fees | = $ | 8,550.00 |
| Less payments | = $ | 8,550.00 |
| Balance Due FINRA Dispute Resolution | = $ | 0.00 |

Respondents, H&R Block Financial Advisors, Inc. and H&R Block, Inc., are jointly and severally liable for:

| | | |
|---|---|---|
| Forum Fees | = $ | 7,500.00 |
| Total Fees | = $ | 7,500.00 |
| Less payments | = $ | 0.00 |
| Balance Due FINRA Dispute Resolution | = $ | 7,500.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Martin I. Reisig, JD - Public Arbitrator, Presiding Chair
Mayra Adela Rodriguez - Public Arbitrator
Dana R. Dawe - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

Martin I. Reisig, JD
Public Arbitrator, Presiding Chair

_____
Signature Date

Mayra Adela Rodriguez
Public Arbitrator

2/20/08
Signature Date

Dana R. Dawe
Non-Public Arbitrator

_____
Signature Date

Date of Service  (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 06-02411
Award   Page 5 of 6

## FEE SUMMARY

Claimant, Thomas P. Fitzgerald, is liable for:

| | | |
|---|---|---|
| Initial Filing Fee | = $ | 600.00 |
| Forum Fees | = $ | 7,500.00 |
| Total Fees | = $ | 8,100.00 |
| Less payments | = $ | 1,800.00 |
| Balance Due FINRA Dispute Resolution | = $ | 6,300.00 |

Respondent H&R Block Financial Advisors, Inc. is liable for:

| | | |
|---|---|---|
| Member Fees | = $ | 8,550.00 |
| Total Fees | = $ | 8,550.00 |
| Less payments | = $ | 8,550.00 |
| Balance Due FINRA Dispute Resolution | = $ | 0.00 |

Respondents, H&R Block Financial Advisors, Inc. and H&R Block, Inc., are jointly and severally liable for:

| | | |
|---|---|---|
| Forum Fees | = $ | 7,500.00 |
| Total Fees | = $ | 7,500.00 |
| Less payments | = $ | 0.00 |
| Balance Due FINRA Dispute Resolution | = $ | 7,500.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Martin I. Reisig, JD - Public Arbitrator, Presiding Chair
Mayra Adela Rodriguez - Public Arbitrator
Dana R. Dawe - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____
Martin I. Reisig, JD
Public Arbitrator, Presiding Chair

_____
Signature Date

_____
Mayra Adela Rodriguez
Public Arbitrator

_____
Signature Date

_____
Dana R. Dawe
Non-Public Arbitrator

*2-20-08*
Signature Date

_____
Date of Service  (For FINRA office use only)



12/12/05  MON 13:08 FAX                    NASD  REGULATION                              ☒002

# UNIFORM SUBMISSION AGREEMENT

**NASD Dispute Resolution**

In the Matter of the Arbitration Between

Name of Claimant(s)

Thomas P. Fitzgerald

05-02411

Name of Respondent(s)

H&R Block Financial Advisors, Inc.
H & R Block, Inc.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations and/or NASD Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

12/12/05 _MON 13:08 FAX                    NASD REGULATION                              ☑003

5. IN WITNESS WHEREOF, the parties hereto have signed and acknowledged the foregoing Submission Agreement.

Party(ies) Signature

H&R Block Financial Advisors, Inc.

Date: 7/26/05

LC43A: SUBMISSION AGREEMENT

RECIPIENTS:
   Robert M. Vercruysse, Esq., H&R Block Financial Advisors, Inc.
   Vercruysse Murray & Calzone PC, 31780 Telegraph Road, Suite 200, Bingham Farms,
   MI  48025



## UNIFORM SUBMISSION AGREEMENT

**NASD Dispute Resolution**

In the Matter of the Arbitration Between

Name of Claimant(s)

Thomas P. Fitzgerald

05-02411

Name of Respondent(s)

H&R Block Financial Advisors, Inc.
H & R Block, Inc.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations and/or NASD Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. IN WITNESS WHEREOF, the parties hereto have signed and acknowledged the foregoing Submission

Agreement.

Party(ies) Signature

*Nicholas Spaeth*

H & R Block, Inc.

Date: *June 10, 2005*

LC43A: SUBMISSION AGREEMENT
rc:06/02
CC:
    David C. Andrew, Esq., H&R Block Financial Advisors, Inc.
    H&R Block Financial Advisors, Inc., f/k/a Olde Discount Corporation,
    719 Griswold Street, Suite 1700, Detroit, MI  48226

RECIPIENTS:
    Mark A. Ernst, Executive V.P., H & R Block, Inc.
    H & R Block, INC., 4400 Main Street, Kansas City, MO  64111



## NASD ARBITRATION UNIFORM SUBMISSION AGREEMENT

### Claimant(s)

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

THOMAS P. FITZGERALD

and

Name(s) of Respondent(s)

H & R BLOCK FINANCIAL ADVISORS, INC. AND

H & R BLOCK, INC.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

THOMAS P. FITZGERALD

Claimant Name (please print)

Thomas P. Fitzgerald                                    4-15-05

Claimant's Signature                                    Date

Claimant Name (please print)

Claimant's Signature                                    Date

**If needed, copy this page.**

23

(Rev. 11/04)

# CIVIL COVER SHEET   County in which this action arose _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Thomas P. Fitzgerald

## DEFENDANTS
H & R Block Financial Associates and H & R Block, Inc.

**(b)** County of Residence of First Listed Plaintiff   Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Wayne
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Page Perry, LLC, 1040 Crown Pointe Pkwy, Suite 1050, Atlanta, GA 30338 (770) 673-0047

Attorneys (If Known)
Vercruysse Murray & Calzone PC, 31780 Telegraph Road, Suite 200, Bingham Farms, MI 48025

## II. BASIS OF JURISDICTION   (Select One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Select One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE
☐ 610 Agric
☐ 620 Other Food
☐ 625 Drug of Pro
☐ 630 Liquor
☐ 640 R.R.
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☒ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Access to Justice
☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Case: 2:08-cv-10784
Judge: Lawson, David M
Referral MJ: Hluchaniuk, Michael J.
Filed: 02-25-2008 At 04:47 PM
CMP FITZGERALD V H&R BLOCK, ET AL (EW)

## V. ORIGIN   (Select One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
9 USC Section 9, 28 U.S.C. 1332
Brief description of cause:
Confirmation of Arbitration Award

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE   Rosen
DOCKET NUMBER  2:05 CV 74961 8

DATE  2-25-08
SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?     ☐ Yes   ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.          Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)     ☑ Yes   ☐ No

If yes, give the following information:

Court:   U. S. District Court - Eastern District of Michigan

Case No.:   2:05CV 747618

Judge:   Gerald C. Rosen

Notes :